UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMEN A. MILLER,

        Plaintiff,

v.

VINCENT C. GRAY,

        Defendant.

Civil Action No. 13-CV-02018-(BAH)

Judge Beryl A. Howell

## MEMORANDUM OPINION

The plaintiff, Benjamen A. Miller, filed this action against Mayor Vincent C. Gray, in his official capacity, alleging that he was denied teaching positions with the District of Columbia Public Schools ("DCPS") for three consecutive years from 2009 to 2011, in violation of the Age Discrimination in Employment Act ("ADEA") and District of Columbia Human Rights Act ("DCHRA"), and in retaliation for the exercise of his rights under these statutes. Compl., ECF No. 1, ¶¶ 4, 50-55. Pending before the Court is the defendant's motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's DCHRA claim for failure to state a claim. Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 7. For the reasons set forth below, the defendant's motion to dismiss is denied.

## I. BACKGROUND

The plaintiff alleges that DCPS discriminated against him based on his age when it denied his applications for teaching positions on three separate occasions in 2009, 2010, and 2011. The plaintiff is currently seventy-two years old and avers he is "exceptionally well-qualified to teach." Compl. ¶¶ 3-8. He cites as his qualifications that (1) he holds a Bachelor of Arts degree in Sociology and two Masters degrees, one in Educational Administration and the

1

other in Economics; (2) he has a District of Columbia Teaching License at the highest level, called a "Regular II-A"; (3) he has prior teaching experience in the District of Columbia from 1964 to 1977; and (4) he was certified, in June 2009, by the District of Columbia Office of the State Superintendent of Education, "to teach and/or provide services in the subjects as indicated below: Social Studies/Grades 7-12 Level." *Id.* ¶¶ 5-8.

### A. The Plaintiff's Rejection in the 2009

In 2009, when the plaintiff was sixty-eight years old, he applied for Teacher and School-Based Instructional Coach positions with DCPS for the 2009-2010 school year. *Id.* ¶¶ 7-9. On July 23, 2009, the plaintiff received a message from DCPS rejecting his application and noting the "tremendous number" of high quality applications DCPS received. *Id.* ¶ 10.

The plaintiff followed-up with a written request to DCPS for the specific reasons why his application would not be receiving further consideration. *Id.* ¶11. According to the plaintiff's summary of DCPS's response, which was made in a letter, dated July 27, 2009, DCPS advised that his application was denied because (1) he "did not possess a Master's degree in education, teaching or curriculum," which were qualifications for the position; (2) the plaintiff's prior teaching experience "was a number of years ago"; and (3) the social studies process is so competitive, DCPS was "looking for individuals [with] recent low-income urban teaching experience." *Id.* at 12.

In a subsequent telephone conversation initiated by the plaintiff, the same DCPS official who sent the July 27, 2009 letter, allegedly explained to the plaintiff that while "not ridding itself of all of its older teachers," DCPS was "seeking a greater balance of older and younger teachers." *Id.* ¶ 13. The plaintiff construes "[t]hese comments [as] reflect[ing] that defendant was explicitly considering age as a factor in the hiring decisions." *Id.*

2

The plaintiff subsequently informed the Equal Employment Opportunity ("EEOC") Specialist for the DCPS that he believed he had been rejected because of his age. *Id.* ¶ 14. Despite being told that all the positions had been filled but that he would receive a telephone screening interview for positions opening in the middle of the year, the plaintiff never received an interview. *Id.* ¶¶ 15, 17. Consequently, the plaintiff filed a charge of age discrimination with the EEOC regarding his non-selection on October 13, 2009. *Id.* ¶ 27. DCPS was notified of this charge by December 31, 2009. *Id.*

### B. The Plaintiff's Rejection in 2010

In July 2010, the plaintiff applied again for teaching positions with DCPS for the next 2010-2011 school year. *Id.* ¶ 28. The plaintiff received an automated rejection, on February 4, 2011, which allegedly stated that "due to the high volume of applications we receive, we are not able to re-evaluate or provide individual feedback on applications." *Id.* ¶ 29. The plaintiff renewed his complaint about age discrimination, prompting a response, on February 28, 2011, from a DCPS Director of Labor and Management Relations, who explained that his application was rejected because "the reviewer of [his] application determined that [his] essays did not meet the rubric guidelines." *Id.* ¶ 30. The plaintiff contends this explanation was "false, and a pretext for age discrimination," *id.* ¶ 31, and that the DCPS rejected his application out of retaliation for his previous age discrimination claim, *id.* ¶¶ 31, 34-35. On July 8, 2011, the plaintiff filed a discrimination claim with the EEOC over his non-selection for the 2010-2011 DCPS positions. *Id.* ¶ 37.

### C. The Plaintiff's Rejection in 2011

The plaintiff submitted his third application for positions with DCPS, on April 10, 2011, for the next 2011-2012 school year. *Id.* ¶ 38. This time, the plaintiff applied for Master

Educator and Assistant Principal positions. *Id.* On May 11, 2011 and June 9, 2011, respectively, the plaintiff was notified that DCPS was not hiring Master Educators or Assistant Principals for the upcoming school year. *Id.* ¶¶ 40-41. Through a Freedom of Information Act Request ("FOIA"), however, the plaintiff claims he learned that DCPS had, in fact, filled both types of positions after receiving his applications. *Id.* ¶ 42. The plaintiff alleges that his applications were rejected due to age discrimination and in retaliation for his pending EEOC charges of discrimination. *Id.* ¶¶ 43, 46. On April 30, 2012, the plaintiff filed a third charge of age discrimination with the EEOC. *Id.* ¶ 48. On September 30, 2013, the EEOC closed its investigation of the plaintiff's three complaints and issued a notice of the right to sue. *Id*. ¶ 49. The plaintiff subsequently filed this action on December 19, 2013.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a). Although "detailed factual allegations" are not necessary, to provide "grounds" of "entitle[ment] to relief" a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, the complaint "need not plead

4

law or match facts to every element of a legal theory.'" *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000); *see also Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011) ("an employment discrimination plaintiff is not required to plead every fact necessary to establish a prima facie case to survive a motion to dismiss") (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). Furthermore, in evaluating a motion to dismiss, the court must accept the factual allegations made in the complaint as true and give the plaintiff the benefit of all inferences that can reasonably be drawn from his allegations. *Wagener v. SBC Pension Benefit Plan-Non Bargained Program*, 407 F.3d 395, 401 (D.C. Cir. 2005).

## III. DISCUSSION

The defendant argues that the complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the following three grounds: (1) failure to sue a proper party, (2) failure to plead sufficient facts to state a DCHRA age discrimination claim, and (3) failure to timely file its DCHRA claim within the applicable one year statutory period. *See* Def.'s Mot. at 1. For the following reasons, the Court finds each argument unavailing.

### A. Failure to Sue the Proper Party

The very first argument asserted by the defendant as grounds to dismiss the plaintiff's ADEA claim is that the plaintiff has named the wrong party to be sued in this case by naming Mayor Vincent Gray, even though the defendant concedes that the Mayor is named "in his official capacity." Def.'s Mem. In Supp. Mot. to Dismiss ("Def.'s Mem."), at 3,6, ECF No. 7. This argument simply does not warrant the dismissal the defendant seeks.

Courts generally have held that "there is no individual liability under . . . the ADEA." *Bilal-Edwards v. United Planning Org.*, CV 11-2220, 2013 WL 7389440, at *7 (D.D.C. Feb. 21, 2013) (quoting *Smith v. Janey*, 664 F. Supp. 2d 1, 8 (D.D.C. 2009), *aff'd sub nom, Smith v. Rhee*,

5

No. 09–7100, 2010 WL 1633177 (D.C. Cir. 2010)); *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006) (finding no liability under ADEA against individuals because they "lacked the power to fire [the plaintiff]"); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674 (5th Cir. 2001) (finding that "the ADEA 'provides no basis for individual liability for supervisory employees'") (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (finding relief could not be granted against two defendants sued in their individual capacities under the ADEA).

At the same time, the complaint is clear, as the defendant concedes that Mayor Vincent Gray is sued only in his official capacity. Compl. ¶ 4; Def.'s Mem. at 3,6. In this circumstance, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Kranz v. Gray*, 842 F. Supp. 2d 13, 16, n.1 (D.D.C. 2012) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) ("When sued in their official capacities, government officials are not personally liable for damages.") (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Jefferies v. District of Columbia*, 917 F. Supp. 2d 10, 29 (D.D.C. 2013) ("A suit against a District of Columbia official in her official capacity is equivalent to a suit against the municipality itself.") (internal quotations and citations omitted). Thus, rather than dismissing the complaint for failure to sue a proper party, the Court will substitute the District of Columbia as the defendant. *See Kranz*, 842 F. Supp. 2d at 25; *Waker v. Brown*, 754 F. Supp. 2d 62, 65 (D.D.C.2010) (where the court substituted the District of Columbia for the mayor, police chief, and Department of Corrections); *Henneghan v. D.C. Pub. Schs.*, 597 F. Supp. 2d 34, 37 (D.D.C. 2009) (where the court substituted the District of Columbia for DCPS).

### B. Failure to State a DCHRA Claim

The defendant next argues that the Court should dismiss the plaintiff's DCHRA claim for failure to plead sufficient facts to state a claim under Federal Rule of Civil Procedure 8. *See* Def.'s Mem. at 6-7. The plaintiff counters that the complaint states ample facts relating to each element of an age discrimination claim to support his claims. The Court agrees with the plaintiff.

The DCHRA makes unlawful discrimination in employment against individuals on the basis of age. *See* D.C. Code § 2-1402.11(a). An inference of age discrimination sufficient for a prima facie case "is created if the plaintiff shows that he (1) belongs to the statutorily protected age group (40-70), (2) was qualified for the position, (3) was not hired, and (4) was disadvantaged in favor of a younger person." *Cuddy v. Carmen*, 694 F.2d 853, 857 (D.C. Cir. 1982) (citing elements of prima facie ADEA claim).[1] The plaintiff need not plead all of these elements in order to overcome a motion to dismiss. *Miller v. Insulation Contractors, Inc.*, 608 F. Supp. 2d 97, 105 (D.D.C. 2009) ("A plaintiff is not required to plead all elements of the prima facie case nor 'plead law or match facts to every element of a legal theory,'" quoting *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000)). Furthermore, the complaint in this matter contains sufficient allegations that address each element for a prima facie case of age discrimination.

With respect to the first element, the plaintiff alleges that he "was 68 years old at the time of his application for [the] first round of teaching positions" with the DCPS, which makes him a member of a protected class for this and each subsequent application he filed with DCPS. *See* Compl. ¶ 9. The second element regarding the plaintiff's qualifications for the positions for which he applied and was rejected is supported by the list of educational qualifications that the

---

[1] The defendant has only moved to dismiss the plaintiff's DCHRA claim, presumably in reliance on the defendant's first argument regarding the plaintiff's failure to name the proper party as ground to dismiss the ADEA claim. *See* Def.'s Mem. at 5. Even if the defendant had expressly moved to dismiss the ADEA claim on the same basis as the DCHRA claim, the same analysis would apply. *See Paquin v. Fed. Nat. Mortg. Ass'n*, 119 F.3d 23, 27 n.1 (D.C. Cir. 1997) ("[W]e apply the same analysis to [the plaintiff's] ADEA and DCHRA claims.").

plaintiff has enumerated in the complaint, including the educational degrees he has been awarded, the certifications he has earned, and his prior years of teaching experience. *See id.* ¶ 5-6; Pl.'s Opp'n at 3. The third element regarding the plaintiff not being hired is satisfied. The complaint details the three separate occasions when the plaintiff applied for DCPS positions but was not hired by DCPS. *See* Compl. ¶¶ 1, 7-48. Finally, regarding the fourth factor, the plaintiff has alleged in the complaint that younger people were hired for the positions for which he was rejected. Pl.'s Opp'n at 3 (citing Compl. ¶¶ 18-22).

The plaintiff further supports his claim that he was discriminated against on the basis of his age by DCPS with allegations about his communications with officials from DCPS. Compl. ¶ 13. Specifically, the plaintiff alleges that after his first application was rejected, a DCPS official told him that the agency was "seeking a greater balance of older and younger teachers" and that "DCPS was not ridding itself of all of its older teachers." *Id.* The plaintiff contends that this "admission of age consciousness in the decisional process" is direct evidence that age was a factor in DCPS's hiring decisions. Pl.'s Opp'n' at 5. In addition, according to the plaintiff, DCPS's allegedly "shifting" explanations, regarding the basis for his rejections, are "a hallmark of pretext and discrimination." *Id.* at 3; *see Wilson v. Cox*, No. 12-5070, 2014 WL 2457632, at *3 (D.C. Cir. June 3, 2014) (reversing district court's grant of summary judgment to defendant employer upon finding that two statements allegedly made by employees of the defendant employer arguably constituted "direct evidence of age discrimination"). In sum, the plaintiff has sufficiently stated his claim of age discrimination to overcome the defendant's motion to dismiss.

### C. Failure to Timely File DCHRA Claim

The defendant also argues that the DCHRA claim is subject to dismissal for failure to file the complaint within the applicable statutory period. In support of this claim, the defendant

submits that the plaintiff "has not set forth facts which demonstrate the tolling of the applicable statute[] of limitations, that he timely filed this action after receiving a right to sue letter, or that he even received such a letter." Def.'s Mem. at 7. This is incorrect.

The plaintiff clearly states that "[o]n September 30, 2013, the EEOC closed its investigation of [the plaintiff's] complaints and issued him a notice of the right sue," after which the plaintiff commenced this action on December 19, 2013, within the applicable 90 day period under the ADEA. Compl. ¶ 49; s*ee Peterson v. Archstone*, 601 F. Supp. 2d 123, 125 (D.D.C. 2009) ("A civil action may be brought under this [ADEA] . . . against the respondent named in the charge within 90 days after the date of the receipt of [the] [Notice of Right to Sue]. 28 U.S.C. § 626(e).") (internal quotations omitted). Notwithstanding the timely filing of the ADEA claim, the defendant contends that the DCHRA claim is untimely. This argument is foreclosed by well-established case-law.

It is undisputed that before commencing an ADEA action in court, a plaintiff must exhaust administrative remedies by filing a discrimination charge with the EEOC, as well as with the appropriate state agency. *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1367-68 (D.C. Cir. 2008). The D.C. Circuit has explained that the worksharing agreement between the District of Columbia Office of Human Rights ("DCOHR") and the EEOC, "acting in accordance with 29 C.F.R. § 1626.10," operates so that "[c]harges received by one agency under the agreement shall be deemed received by the other agency." *Id.* at 1372. As a consequence of the "cross-filing" of complaints between the DCOHR and EEOC, the one-year limitations period for the filing of complaints to the DCOHR, under D.C. Code §§ 2-1403.04(a), 2-1403.16(a), is tolled during the processing of the complaint by the EEOC. *See, e.g.*, *Frett v. Howard Univ.*, 2014 U.S. Dist. LEXIS 31493, at *15-16 (D.D.C. Mar. 10, 2014) (filing of EEOC charge tolled the

9

statute of limitations for discrimination claim under DCHRA); *Brewer v. District of Columbia*, 891 F. Supp. 2d 126, 132 (D.D.C. 2012) ("Because the plaintiff here filed a complaint with the EEOC, he is deemed to have fulfilled the state filing requirement"); *Lee v. District of Columbia*, 733 F. Supp. 2d 156, 160 (D.D.C. 2010) ("Worksharing agreements, which generally provide for cross-filing between the EEOC and FEP agencies, satisfy this statutory [limitations] requirement") (internal quotations and citations omitted). Moreover, the EEOC's issuance of a right to sue notice automatically results in the DCOHR's termination of the case based on administrative convenience, enabling the plaintiff to file suit under the ADEA and DCHRA. *See Ibrahim v. Unisys Corp.*, 582 F. Supp. 2d 41, 46 (D.D.C. 2008) ("the deferral of jurisdiction by the DCOHR amounted to a dismissal of [the plaintiff's] complaint 'on the grounds of administrative convenience.'" (citing *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 573 (D.C. 2007) (quoting D.C. Code § 1-2556(a)(2001))).

The plaintiff filed three EEOC charges in this action all within one year of the notice of his rejections. The plaintiff received notice of his first rejection for 2009/2010 positions on July 23, 2009, Compl. ¶ 10, and allegedly "timely filed a charge of discrimination" with the EEOC "on October 13, 2009," *id.* ¶ 27. He received notice of his second rejections for 2010/2011 positions on February 4, 2011, *id.* ¶ 29, and allegedly "timely filed a charge of discrimination with the EEOC . . . on July 8, 2011," *id.* ¶ 37. Finally, the plaintiff received notice of his third rejections for 2011/2012 positions on May 11, 2011 and June 9, 2011, *id.* ¶¶ 40-41, and timely "filed a charge of discrimination with the EEOC . . . on April 30, 2012," *id.* ¶ 48. As discussed above, once the EEOC charge was filed, the DCHRA's one year statute of limitation was tolled until the plaintiff received a notice from the EEOC of his right to sue, which allegedly occurred

in this case on September 30, 2013. Consequently, the plaintiff's DCHRA claim was timely filed, within the one year statute of limitations, on December 19, 2013.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the defendant's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to sue a proper party, state a DCHRA claim, or timely file a DCHRA claim, within the applicable statutory period, is DENIED.

An appropriate Order accompanies this Memorandum Opinion.


Date: June 30, 2014

_____
BERYL A. HOWELL
United States District Judge