UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMEN A. MILLER, <br><br> Plaintiff, <br><br> v. <br><br> MAYOR VINCENT C. GRAY, *et al.*, <br><br> Defendant. | Civil Action No. 13-cv-2018 (BAH) <br><br> Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Less than one week after the pre-trial conference in this case was held, the defendant, the District of Columbia, sought leave, pursuant to Federal Rule of Civil Procedure 15, to amend its answer to add the affirmative defense of failure to mitigate damages.  Def.'s Mot. Leave Amend Answer at 1, ECF No. 52.  The plaintiff, Benjamen Miller, opposes the motion on the ground that "this affirmative defense has been waived, and the attempt to resurrect it almost three years into this case, after the close of discovery, after the briefing and decision on dispositive motions and on the brink of trial," is "simply too late in the day to raise it for the first time."  Pl.'s Opp'n. Def.'s Mot. Amend Answer ("Pl.'s Opp'n") at 1, 4, ECF No. 53.  Upon review of the record in this case and the relevant case law, the defendant's motion is granted for the reasons set out below.

**I.     BACKGROUND**

The factual background for this age discrimination case is described in this Court's prior Memorandum Opinion granting in part and denying in part the defendant's Motion for Summary Judgment, *Miller v. Gray*, 2016 U.S. Dist. LEXIS 41047 (D.D.C. Mar. 29, 2016).  Consequently, only the facts pertinent to resolving the pending motion will be summarized.

1

In its answer to the plaintiff's complaint, filed in 2013, which alleged that the District of Columbia Public Schools ("DCPS") wrongfully refused to hire him on account of his age on three separate occasions, and then retaliated against him for his protected complaints of discrimination, Compl. at ¶ 1, ECF No. 1, the defendant asserted sixteen affirmative defenses, including that any damages Miller suffered "were not proximately caused by the [defendants]" and that Miller "is not entitled to any equitable relief from this Court," Def.'s Answer at 9, ECF No. 15.

During discovery, the defendant queried the plaintiff in both interrogatories and at his deposition about efforts he made to mitigate damages. Specifically, in interrogatories, the defendant asked the plaintiff to "list any other teaching positons he applied for outside of positions with DCPS." Def.'s Mem. Supp. Mot. Leave Amend Answer ("Def.'s Mem.") at 3, ECF No. 52. The plaintiff responded that he did not apply to any other positions outside of DCPS, noting his "background and [his] previous employment with the school system" as well as his "genuine desire to help improve the quality of education for youth in the DCPS system." Def.'s Mem., Ex. B, Pl.'s Resp. Def.'s First Disc. Req. ("First Disc. Req."), at 20, ECF No. 52-2. Similarly, during his deposition, the plaintiff testified that he did not apply to teach anywhere other than DCPS because of his "unique" interests in "the D.C. School System." Def.'s Mem Ex. C, Dep. of Benjamen Miller ("Miller Dep."), at 57, ECF No. 52-3.

Following the close of discovery, resolution of the defendant's motion for summary judgment and an unsuccessful effort to mediate, the Court scheduled the pretrial conference for September 16, 2016 and the trial for October 10, 2016. Minute Order, April 8, 2016 (setting trial date); Minute Order, August 15, 2016 (rescheduling final date of pretrial conference). In the parties' joint pre-trial statement, submitted on September 2, 2016, the defendant raised the

affirmative defense that "Plaintiff failed to mitigate his damages," to which the plaintiff did not object. Joint Pretrial Statement at ¶ 11, ECF No. 47. Additionally, the parties jointly requested a jury instruction on the "duty to mitigate damages," *id.* at 17, which according to the defendant, the plaintiff had suggested "when he sent the District his first draft of the joint pretrial statement." Def.'s Mem at 3; *see also id.,* Ex. D (Pl.'s Draft Joint Pretrial Stmt) at 11, ECF No 52-4 (proposing a "Standardized Civil Jury Instruction" on the "Duty to Mitigate Damages").[1] Nevertheless, when the defendant requested the plaintiff's consent to amend its answer to add this affirmative defense at the pretrial conference, the plaintiff refused, prompting the defendant to file the pending motion for leave to amend. Rough Pre-Trial Conference Hrg. Tr., September 16, 2016 ("PTR Hrg. Tr.") at 37 (plaintiff "oppose[d] the motion to amend").[2]

## II.    LEGAL STANDARD

"A party may amend its pleading once as a matter of course within" certain time periods, and "[i]n all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1). This rule instructs that "[t]he court should freely give leave when justice so requires," *id.*, but "the grant or denial of leave to amend is committed to a district court's discretion," *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), and should be determined "on a case by case basis," *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997). The Supreme Court has stressed that "the leave sought should, as the rules require, be 'freely given,'" unless a

---

[1]    The plaintiff does not dispute that proposed inclusion of the jury instruction on mitigation of damages originated with the plaintiff. *See generally* Pl.'s Opp'n.

[2]    At the pretrial conference, by request of the parties, the trial was rescheduled to begin on for January 17, 2017. PTC Hrg. Tr. at 3-5.

reason exists for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182.

### III. DISCUSSION

The plaintiff vigorously opposes the defendant's motion for a single reason: that the defendant raised the affirmative defense of failure to mitigate "too late in the day to raise it for the first time now." Pl.'s Opp'n at 4. At the same time, he does not contend that this delay was the result of any bad faith or dilatory motive on the part of the defendant, or that adding a seventeenth affirmative defense would result in undue prejudice. *See Foman,* 371 U.S. at 182. The belated timing of the defendant's motion to add an affirmative defense is an unfortunate oversight, *see* Hrg. Tr. at 36:24-26 (defense counsel explaining that "mitigation wasn't included" in defendant's Answer as an oversight), but, standing alone, this delay does not warrant denial of the defendant's motion in light of the record in this case.

The D.C. Circuit has indicated that "undue delay is a sufficient reason for denying leave to amend," but that a district court "should generally take into account the actions of other parties and the possibility of any resulting prejudice" in determining whether a delay is in fact undue. *Atchinson v. D.C.,* 73 F.3d 418, 426 (D.C. Cir. 1996) *(citing Foman,* 371 U.S. at 182). Thus, "[o]ne of the "most important factors to consider when determining whether to grant leave to amend is the possibility of prejudice to the opposing party." *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) (citations omitted); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971) ("[I]n deciding whether to permit such an amendment, the trial court was required to take into account any prejudice that [opposing party] would have suffered as a

4

result."); *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) ("[a]lthough this Circuit has recognized undue delay as a basis for denying a motion to amend, [it] ha[s] done so only where plaintiffs sought to add new factual allegations," as such changes would create prejudice by failing "to make the defendant aware of the facts" alleged (citation omitted)); *Caribbean Broad. Sys. v. Cable & Wireless PLC*, 148 F.3d 1080, 1084 (D.C. Cir. 1998)("Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend? [sic]. In most cases delay alone is not a sufficient reason for denying leave . . . .If no prejudice [to non-moving party] is found, the amendment will be allowed" (quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 1488, at 652, 659, 662-69 (1990 & Supp. 1997)); *Hayes v. New England Millwork Distribs., Inc.,* 602 F.2d 15, 19 (1st Cir.1979) (clarifying that, under *Foman,* "courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party").

To show prejudice from a proposed amended pleading, an "opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *In re Vitamins Antitrust Litig.,* 217 F.R.D. 30, 32 (D.D.C. 2003) (quoting *Dooley v. United Technologies Corp.,* 152 F.R.D. 419, 425 (D.D.C. 1993); *see also Doe v. McMillan,* 566 F.2d 713, 720 (D.C. Cir. 1977) (upholding denial of leave to amend to add a new allegation and a new defendant because plaintiffs had litigated for thirty eight months "with no indication . . . of any potential change in their theory of the case," which could "seriously prejudice [the non-movants] interests"). The party opposing the Rule 15 motion bears the burden of showing that leave to amend should be denied. *See Shea v. Clinton*, 288 F.R.D. 1, 4 (D.D.C. 2012) (citing *In re Vitamins Antitrust Litigation*, 217 F.R.D. at 32).

In this case, the plaintiff provides no information about how he would be prejudiced if the defendant were permitted to add the seventeenth affirmative defense. *See Caribbean Broad. Sys., v. Cable & Wireless PLC*, 148 F.3d at 1084 (reversing district court's denial of leave to amend, citing *Security Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc.*, 64 F.3d 1001 (6th Cir. 1995) (holding district court abused discretion in denying leave to amend complaint to add claim when party opposing motion made no showing of prejudice from delay)). The Court is persuaded that no prejudice would result for, at least, the following three reasons.

First, permitting amendment of the defendant's answer to add as the seventeenth affirmative defense the plaintiff's failure to mitigate damages, would not fundamentally reshape the legal issues in this case. Plainly, this proposed new affirmative defense does not alter what the plaintiff must prove at trial, since, as the defendant correctly notes, "the District, not the Plaintiff, bears the burden to prove failure to mitigate." Def.'s Mem. at 4. Nor does it reshape the fundamental questions at issue in defense of this case. Indeed, the defendant's answer already includes similar affirmative defenses that "[i]f Plaintiff was damaged as alleged in the Complaint, said damages were not proximately caused by the District or its employees, agents or servants acting within the scope of their employment," Def.'s Answer at 9 (Eleventh Defense), and that the "Plaintiff is not entitled to any equitable relief from this Court, *id*. (Fourteenth Defense). The defendant further "reserve[d] the right to amend th[e] Answer to the Complaint and to raise any additional defenses which the evidence in discovery may reveal." *Id*. (Fifteenth Defense). All of these affirmative defenses could potentially be supported by evidence that the plaintiff failed to mitigate his damages, even if that precise defense were not set out in the Answer. *Accord Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690 (8th Cir. 1981) (holding district court abused discretion in denying leave to amend complaint to add count when

6

no prejudice resulted from two and one-half year delay and facts underlying new and old counts were similar).

Second, while the defendant certainly could, and should, have added the requested affirmative defense sooner, the plaintiff had notice that his failure to mitigate damages would be at issue, since he was asked about the steps he took to find alternative employment in both interrogatories and at his deposition. In short, there is no surprise here. Indeed, the plaintiff proposed the jury instruction on a duty to mitigate to be included in the Joint Pre-trial Statement required to be submitted to the Court, and raised no objection to the defendant's assertion of that defense in the same document. *See* Def.'s Reply Supp. Mot. Leave Amend Answer at 1, ECF No. 55.

Finally, the plaintiff makes no argument that granting the motion would require re-opening discovery or a continuance of the trial in this case. The plaintiff admitted, both at his deposition and in his response to the defendant's interrogatory, that when denied a position by DCPS, he did not pursue any alternative employment opportunities. First Disc. Req. at 20; Miller Dep. at 57. Given these admissions, it is difficult to discern what additional discovery regarding the proposed affirmative defense could be obtained, and the plaintiff suggests none. In these circumstances, no prejudice can be shown. *See Alley v. Resolution Trust Corp.,* 984 F.2d 1201, 1208 (D.C. Cir. 1993), *as amended on reh'g* (Mar. 4, 1993) (Ginsburg, R.B., J.) (directing district court on remand to allow amendment to complaint noting as "important also that plaintiffs have represented in their briefs on appeal the absence of any need to allege new facts or engage in additional discovery.").

The plaintiff's reliance on *Bode & Grenier, LLP v. Knight*, 808 F.3d 852 (D.C. Cir. 2015), which he describes as "remarkably similar" to this case, Pl.'s Opp'n at 2, is entirely

misplaced. In *Bode*, the defendants "sought to add two affirmative defenses—failure of a condition precedent and failure of consideration" and remove an "earlier admission," the combination of which would interject such new issues in the litigation that the defendants' effort "threatened to fundamentally reshape the landscape of the litigation," less than a month before the scheduled trial date. *Id.* at 860. The D.C. Circuit affirmed the district court's denial of leave to amend because the motion "simply came too late" "days before trial," when the proposed defenses were so unrelated to any previous claims in the case that, to avoid prejudice to the opposing party, "[h]ad the motion been granted, discovery would have been reopened, the scheduling order replaced and the trial date reset." *Id.* By contrast here, the plaintiff has suggested no need to reopen discovery to address the proposed affirmative mitigation defense for the obvious reason that permitting the addition of this defense does not alter the "landscape of the litigation," *id.* at 860, and would not result in any prejudice or delay of the proceedings in this case.

Accordingly, the plaintiff has failed to carry his burden of showing that the delay in proposing the affirmative mitigation defense is "undue" or would result in prejudice or delay warranting denial of the defendant's motion to amend its answer.

## IV.   CONCLUSION

For the foregoing reasons, the defendant's motion to amend its Answer to include the affirmative defense of failure to mitigate is granted. The Clerk of the Court is directed to file the Amended Answer as a separate docket entry.

An order consistent with this Memorandum Opinion will be contemporaneously entered.

DATED: December 16, 2016.

_____
BERYL A. HOWELL
Chief Judge